IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| GEORGE ANGEL HARRIS, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION FILE NO. |
| | * | |
| INVESTIGATOR JON HIXON | * | |
| of the Richmond County Sheriff's | * | |
| Office and INVESTIGATOR | * | |
| JOSEPH BULTMAN of the | * | |
| Columbia County Sheriff's Office, | * | |
| in their individual capacities, | * | |
| | * | |
| Defendants. | * | |

## **COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff George Angel Harris and hereby files his Complaint against Defendants, showing the Court as follows:

1.

This is a suit for damages under 42 U.S.C. §1983 arising from the unlawful arrest, detention and prosecution of Plaintiff George Harris by the Defendant law enforcement officers in violation of the Fourth Amendment to the United States Constitution, with pendent state claims for false arrest, malicious prosecution, and violation of the Georgia Constitution.

## PARTIES AND JURISDICTION

2.

This action is brought pursuant to 42 U.S.C. §§1983 and 1988, as well as the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §1331, §1343, and the aforementioned constitutional and statutory provisions. Plaintiff further invokes the pendant or supplemental jurisdiction of this Court to decide claims arising under state law pursuant to 28 U.S.C. §1367.

3.

Venue is proper in this Court pursuant to 28 U.S.C. §1391 and other applicable law because the cause of action arose in Richmond County, Georgia, which is situated within the district and divisional boundaries of the Augusta Division of the Southern District of Georgia, and because the parties are domiciled within said District and Division.

4.

All of the parties herein are subject to the jurisdiction of this Court.

## PARTIES

5.

Plaintiff George Angel Harris is a citizen of the United States and the State of Georgia.

6.

Defendant Inv. John Hixon was, at all times relevant herein, a law enforcement officer employed as a Richmond County deputy sheriff who was acting under color of state law and within the scope of his employment, and he is subject to the jurisdiction of this Court.

7.

Defendant Inv. Joseph Bultman was, at all times relevant herein, a law enforcement officer employed as a Columbia County deputy sheriff who was acting under color of state law and within the scope of his employment, and he is subject to the jurisdiction of this Court.

8.

The Defendants are all sued in their individual capacities only, and therefore sovereign immunity is not a defense.

**FACTS**

9.

On April 18, 2019, George Harris was a passenger in an automobile that was involved in a wreck on Interstate 520 at Wheeler Road in Augusta.

10.

A Richmond County officer who responded to the scene checked the ID's of all persons involved and ran a criminal history check indicating that there were two

outstanding arrest warrants for Mr. Harris, which was a complete surprise to him.

11.

Mr. Harris was arrested on the side of the highway in front of passing motorists and was transported to the Richmond County Jail and on two felony warrants which falsely accused him of two acts of financial transaction fraud in which someone had made approximately *seven dollars*[1] in authorized charges on a debit card which had been reported stolen from an unlocked car three months earlier.

12.

Mr. Harris spent a day in jail before being released on bond, after which he was forced to hire an attorney.

13.

Through discovery in the criminal case, Mr. Harris' defense attorney learned that Mr. Harris had become the target of the investigation because a Columbia County officer, Defendant Bultman, had mistakenly identified him as the individual photographed on security cameras using the stolen card to rent videos from Redbox vending machines.

---

[1] One unauthorized charge was for $3.24 and the other was for $3.78. That resulted in a two-felony indictment under O.C.G.A. §16-9-33. The fact that such transactions would be felonies not only attests to the political clout of the banking industry, but it underscores the need for law enforcement to get it right before bringing felony cases that can blemish a man's record for the rest of his life.

14.

It should have been clear to any reasonable officer that the perpetrator shown in the security camera photographs was not George Harris based upon readily discernible differences in height, build, and facial characteristics.

16.

The differences in appearance between the two men should have been obvious prior to the time application was made for the arrest warrants issued against Mr. Harris.

17.

The differences in appearance between the two men should have been obvious after Mr. Harris' arrest by comparing his mugshot photos to the security camera photos.

18.

Because of this mistaken photo identification made by an officer who only had a passing acquaintance with Mr. Harris (Defendant Bultman) and who took no reasonable steps to corroborate the identification, and because of the failure of the Richmond County investigator assigned to the case (Defendant Hixon) to correct the misidentification), Mr. Harris had two unfounded felony charges hanging over his head for nearly a year before the District Attorney realized the officers' mistake and nolle prossed the charges on March 3. 2020.

19.

Throughout that entire year, Mr. Harris steadfastly maintained his innocence and refused to accept a plea offer under which he would have paid a $1,000 fine and received three years' probation, instead spending three times that much in attorney's fees to beat the false charges.

20.

As a result of having these felony charges brought against him, Mr. Harris was subject to the public humiliation of having his name in the newspaper, was forced to drop out of classes he was taking to get a real estate license and then an accounting degree, and he was denied the right to buy a firearm even after the charges were dismissed.

## CAUSES OF ACTION

### Count I

### Fourth Amendment Claim Against Defendant Bultman

21.

Defendant Investigator Bultman caused Plaintiff George Harris to be unreasonably arrested, detained, and prosecuted without probable cause in violation of the Fourth Amendment's prohibition against unreasonable seizures as follows:

    a)    By falsely stating to Investigator Hixon that security camera photographs positively identified the suspect who had used the stolen debit card as being George Harris, when in fact those photographs did not look like Harris;

b) By falsely stating in reports and to Investigator Hixon that George Harris had broken into an automobile to steal the debit card in question when there was no independent evidence linking Harris to the automobile or the theft of the card; and

c) By making the foregoing false statements with full knowledge that Investigator Hixon would use that information to apply for felony arrest warrants against George Harris which no reasonable officer would believe were supported by arguable probable cause.

22.

At the time of the subject events in 2019, the law was clearly established under the Fourth Amendment that an officer could not provide false or misleading information to another officer for purposes of procuring an arrest warrant when a reasonable officer would have known that the information provided was either not supported by arguable probable cause or that the totality of the evidence did not rise to the level of probable cause necessary to support a warrant.

23.

Because the above conduct of Defendant Bultman violated clearly Fourth Amendment law by causing George Harris to be falsely arrested, unlawfully detained, and subjected to prosecution without probable cause, he is not entitled to qualified immunity and is subject to liability for the damages resulting therefrom.

## Count II
## Fourth Amendment Claim Against Defendant Hixon

24.

Defendant Investigator Hixon caused Plaintiff George Harris to be unreasonably arrested, detained, and prosecuted without probable cause in violation of the Fourth Amendment's prohibition against unreasonable seizures as follows:

a) By relying uncritically upon an alleged positive identification by Investigator Bultman that he knew was based solely upon Bultman's belief that the suspect shown in security camera photographs "looked like" George Harris without any independent corroborating evidence;

b) By agreeing with Investigator Bultman that the suspect in the security camera photograph "looked like" George Harris based solely on photos produced by Bultman when Hixon did not know Harris, without further investigation or seeking independent corroboration of the identification – including but not limited to comparing the suspect's height relative to the Redbox machine which would have shown that the suspect was taller than Harris, or additional photos or in-person observation of Harris before charging him with a crime which would have shown that the two men were quite different in appearance; and

c) By stating bald conclusions to the magistrate rather than stating the specific facts upon those conclusions were based so that the magistrate could make an independent evaluation of the evidence as required by the Fourth Amendment, in

order to save time and maximize the chances of the warrant being approved even when no reasonable officer would have believed that there was no probable cause to support the two felony warrants.

25.

At the time of the subject events in 2019, the law was clearly established under the Fourth Amendment that an officer could not provide false or misleading information to obtain an arrest warrant when a reasonable officer would have known that the information provided was not supported by probable cause, and that an officer seeking a warrant could not embellish the facts to create a conclusory impression of probable cause rather presenting the actual facts so that they could be independently evaluated by the magistrate.

26.

Because the above conduct of Defendant Hixon violated clearly Fourth Amendment law by causing George Harris to be falsely arrested, unlawfully detained, and subjected to prosecution without probable cause, he is not entitled to qualified immunity and is subject to liability for the damages resulting therefrom.

## Count III
## Violation of Georgia Constitution

27.

The aforementioned conduct of Defendants in causing an unreasonable

seizure of Plaintiff's person was in violation of Article I, Section 1, Paragraph 13 of the Georgia Constitution, which is Georgia's equivalent of the Fourth Amendment and which is deemed by state law as providing the same protections as those available thereunder with the exception that federal qualified immunity is not a defense to violations of state constitutional rights.

28.

For the same reasons that the conduct of Defendants violated the Fourth Amendment in Counts I and II above, Defendants also violated the unreasonable seizures clause of the Georgia Constitution.

29.

Defendants are not entitled to official immunity under Georgia law because they acted with actual malice by intentionally committing wrongful and unconstitutional acts, and therefore they are liable under state law for all damages resulting therefrom.

## Count IV
## State Law False Arrest

30.

The aforementioned conduct of Defendants in causing Plaintiff to be arrested and detained under legal process, willfully and unlawfully without probable cause, constitutes false arrest under O.C.G.A. §51-7-1 et seq and other applicable law, for

which Defendants are liable under Georgia law.

31.

Defendants are not entitled to official immunity under Georgia law because they acted with actual malice by intentionally committing wrongful and tortious acts, and therefore they are liable under state law for all damages resulting therefrom.

## Count V
## State Law Malicious Prosecution

32.

The aforementioned conduct of Defendants in intentionally causing a criminal prosecution against Plaintiff to be carried on maliciously, without probable cause, and with an ultimate termination in favor of Plaintiff constitutes malicious prosecution under O.C.G.A. §51-7-40 and other applicable law, for which Defendants are liable under Georgia law.

33.

Under O.C.G.A. §51-7-44 and other applicable law, malice can be inferred from a complete lack of probable cause to satisfy the elements of a state law malicious prosecution claim.

34.

Defendants are not entitled to official immunity under Georgia law because they acted with actual malice by intentionally committing wrongful and tortious acts,

and therefore they are liable under state law for all damages resulting therefrom.

## DAMAGES

35.

Defendants do not have qualified immunity for monetary damages under federal law because they violated clearly established law under the Fourth Amendment, and a reasonable officer in the position of Defendants would have known that their actions were unlawful.

36.

Defendants do not have official immunity for monetary damages under state law because they acted with actual malice and specific intent to commit wrongful acts when there was a complete lack of probable cause to arrest, detain, or prosecute Plaintiff.

37.

As a direct and proximate result of the above described unconstitutional and tortious conduct of Defendants, Plaintiff George Angel Harris was unreasonably and unlawfully arrested, detained, and prosecuted without probable cause, was falsely and unlawfully deprived of his liberty, was forced to endure physical restraint and mental pain and suffering including but not limited to embarrassment, public humiliation, and damage to his reputation which is all expected to continue into the future, was forced to incur special damages including but not limited to fees for a

bail bondsman and criminal defense attorney, for which Defendants are liable to Plaintiff in an amount to be proven at trial and determined by the enlightened conscience of fair and impartial jurors.

38.

Plaintiff is also entitled to recover reasonable attorney's fees and expenses of litigation pursuant to 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff demands the following:

a) That this action be tried by a jury;

b) That judgment be entered in favor of Plaintiff and against Defendants in an amount to be determined by the enlightened conscience of fair and impartial jurors;

c) That the Plaintiff be awarded attorney's fees and reasonable expenses of litigation;

d) That all costs of this action be taxed against the Defendants; and

e) That the Court award any additional or alternative relief as may be deemed appropriate under the circumstances.

Respectfully submitted this 9th day of October, 2020.

*/s/ Craig T, Jones*
_____
CRAIG T. JONES
Georgia Bar No. 399476
Counsel for Plaintiff

CRAIG T. JONES, P.C.
Post Office Box 129
Washington, Georgia  30673
 (678) 643-0062
craigthomasjones@outlook.com